UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SHERRY L. CANTRELL,
             *Plaintiff-Appellant,*

and

RONALD CANTRELL, JR., her husband,
                          *Plaintiff,*

v.

WEBER-STEPHEN PRODUCTS COMPANY,
an Illinois corporation,
             *Defendant-Appellee,*

and                                              No. 01-1045

PHILIP MORRIS, INCORPORATED, a
Virginia corporation; LAPINE
ASSOCIATES, INCORPORATED, a
Connecticut corporation; ACMATE
SUPPLY, INCORPORATED, an Illinois
corporation; WAL-MART STORES,
INCORPORATED, a Delaware
corporation; WESTERN INDUSTRIES,
INCORPORATED, a Delaware
corporation,
                          *Defendants.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-99-2107-CCB)

Argued: April 2, 2002

Decided: June 26, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Kevin Gerard Healy, MORRIS, JAMES, HITCHENS & WILLIAMS, L.L.P., Newark, Delaware, for Appellant. Craig David Roswell, NILES, BARTON & WILMER, Baltimore, Maryland, for Appellee. **ON BRIEF:** Larry John Albert, NILES, BARTON & WILMER, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Sherry Cantrell was injured while using a portable gas grill manufactured by Weber-Stephen Products Co. (Weber). She and her husband, Ronald, brought this lawsuit against Weber alleging multiple theories of liability. The district court granted summary judgment to Weber. We now affirm.

Because we are reviewing the district court's grant of summary judgment to Weber, we recount the facts in the light most favorable to the Cantrells. The Cantrells first opened the box containing the grill on July 17, 1997, the day before the accident. They found the grill to be fully assembled except for a handle they attached to the grill's lid. No instructions were included. The grill did not come with a fuel source, so Ronald purchased two propane fuel canisters from Wal-Mart. On July 18, 1997, the Cantrells, their two children, and some family friends began an overnight camping trip on Garrett Island, Maryland. Ronald set up the grill on the beach and attached the propane cylinder. He checked the connection for leaks by listening for gas and sprinkling water on the connection to check for bubbles. Ron-

ald lighted the grill after a few unsuccessful attempts, and Sherry began cooking hamburgers and hot dogs. She placed the lid on the grill to speed the cooking. A few minutes later she decided to check on the food. While she leaned over the grill, an explosion occurred and the lid of the grill was propelled upward, striking Sherry in the face and mouth. Sherry suffered injuries, including several cracked teeth, and left the island to seek medical treatment. Later that night, one of the Cantrells' friends used the same propane canister that had been attached to the grill as fuel for a lantern. He experienced no difficulty with the canister, but threw it away after all the fuel had been used up. The grill was apparently undamaged and is still in the possession of the Cantrells.

The Cantrells filed suit in the District of Maryland, alleging liability based on theories of strict liability, breach of the implied warranty of merchantability, and negligence against Weber and several additional defendants. The other defendants named in the suit were dismissed on the basis of the sealed container defense. The manufacturer of the propane canisters was never joined as a party. The Cantrells produced no direct evidence of a defect in the grill, but argued to the district court that a jury could reasonably infer the existence of a defect on the basis of circumstantial evidence that tended to eliminate other possible causes of the explosion. Similarly, they argued that a jury could infer that Weber had been negligent in its manufacture and assembly of the grill under the doctrine of res ipsa loquitur. Although the Cantrells retained an expert to examine the grill for evidence of defects, they declined to proffer the expert's testimony. Weber moved for summary judgment primarily on the ground that the Cantrells could not establish Weber's liability without expert testimony. The district court granted the motion in an order and memorandum opinion dated November 30, 2000.

Applying Maryland tort law, the district court reasoned that without expert testimony addressing whether a defect in the propane canister could have caused the explosion, a jury could only infer the presence of a defect in the grill by engaging in "surmise, conjecture, or speculation." *Jensen v. Am. Motors Corp.*, 437 A.2d 242, 245 (Md. Ct. Spec. App. 1981). Accordingly, the court rejected the Cantrells' arguments based on the theories of strict liability and breach of the implied warranty of merchantability. The district court also rejected

the Cantrells' res ipsa loquitur argument. It reasoned that "the connection of the propane cylinder to the grill [was] an act sufficiently outside Weber's control to prevent application of res ipsa loquitur." The Cantrells appeal.

After reading the briefs, reviewing the record, and hearing oral argument, we conclude that the district court correctly decided this case. Accordingly, we affirm on the reasoning of the district court. *See Cantrell v. Weber-Stephen Products Co.*, Civil No. CCB-99-2107 (D. Md. Nov. 30, 2000).

*AFFIRMED*